Patricia M. Ashcraft, CA Bar 109661
Law Offfices of Gregory C. Ashcraft, APC
29970 Technology Drive, Suite 217
Murrieta, CA 92563
951-304-3431 phone
951-304-0941 fax
pmashcraft@ashcraftfirm.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| In re:<br><br>MARY ANN GILMORE<br>       Debtor,<br><br>United States Trustee for the Central District<br>of California, Riverside, Plaintiff<br><br>    vs.<br><br>Law Offices of Gregory C. Ashcraft, APC, and<br>Patricia M. Ashcraft<br>       Defendants. | Case No. 6:17-BK-13682-MJ<br><br>Chapter 7<br><br>Adv. Proc No. 6:17-AP-01271-MJ<br><br>**ANSWER TO ADVERSARY COMPLAINT FOR DISGORGEMENT OF FEES, CIVIL PENALTIES, SANCTIONS, AND DECLARATORY INJUNCTIVE, AND OTHER RELIEF** |

Defendants Patricia M. Ashcraft and the Law Offices of Gregory C. Ashcraft, APC, answer the complaint for disgorgement of fees, civil penalties, sanctions and declaratory injunctive and other relief by Plaintiffs, United States Trustee for the Central District of California, Riverside, as follows:

    1.    Defendant admits the allegations in paragraphs 2, 6, 7,8, 9, 10, 11, 12, 13,14, 15, 16, 18, 21,22, 23, 26, 28, 29, 30, C, 31, 32, 33, 34, 35, 37, 38, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53,54,55,D, 66, 67,68, 69, 70,71,72,73,74, 87, 88, 89, 90, 91, G. 92, 93, 95, 102, 130, 131.

////

2.  Defendant denies the allegations in paragraphs 1, 3, 4, 5, 17, 19, 20, 24, 27 36, 39, 44, D, 56,57, 58,59, 60, 61, 62, 63, 64, 65 75, 76, 77, 78, 79, 81, 82 F, 83, 84, 85, 86, 94, H, 97,98, 99 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 132,133, 134, and135,

3.  Defendant has no information or belief that the allegations in paragraphs 25, 80, 96, 97, 98, 99 are true, so Defendant denies them.

4.  Defendant further denies all of the allegations of the complaint in sections labeled First Claim for Relief through Eighth Claim for Relief, inclusive.

5.  Except as expressly admitted herein, Defendant denies all of the allegations of the complaint.

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each and every claim for relief of the complaint, this Answering Defendant is informed and believes, and on such information and belief alleges as follows:

## I.  INTRODUCTORY STATEMENT

6.  The U. S. Trustee's office ("Plaintiff") brought this Adversarial Complaint in an apparent attempt to stop the Ashcraft Firm ("The Firm") from filing bifurcated petitions. Plaintiff has not directly objected to filing bifurcated petitions, presumably because the process is specifically permitted under FRBP 1007(c), "In a voluntary case, the schedules, statements, and other documents required by subdivision (b)(1), (4), (5), and (6) shall be filed with the petition or within 14 days thereafter…"

7.  In addition, case law has long held that debts incurred post-petition are not discharged; therefore, attorney fees for work done post-petition in a Chapter 7 are not discharged. "Because the right to payment for post-petition services only arises post-petition, the collection of fees for those services from the debtor herself would not

violate the automatic stay," *In re Hines,* 147 F.3d 1191 (9th Cir.1998). *In re Mills,* the court stated that 11 USC 727(b) does not discharge a debtor's post-petition obligation to pay under a prepetition fee agreement," *In re Mills,* 170 B. R. 412 (Bankr. D. Ariz 1994).

8.    The Firm charges its clients only for work that is done after the case is filed and a case number is assigned; therefore, its same day filing process complies with the bankruptcy code and allows the Firm to charge for its post-petition work. Since the bifurcation of Chapter 7 petition filing is permissible, it appears that the Plaintiff has attempted to stretch the meaning of various code sections, alleging a long laundry list of violations, apparently hoping something will stick.

9.    The Firm is proud of its no-money-down same-day process because it benefits so many people. It has been difficult to answer this complaint because the U. S. Trustee is attacking a service the Firm is proud to provide to the public. Our practice complies in all respects with the bankruptcy code and provides a needed avenue for a fresh start to clients who cannot pay the fees up front.

10.    The complaint filed by the Plaintiff rehearses its position on various practices of the Firm. Beginning on page 16 of the complaint Plaintiff lists eight "Claims for Relief." Some of these claims for relief are too vague to be answered by the Firm. To the extent that the Firm has been able to ascertain the basis of the various allegations, a substantive answer follows. In cases where the claim for relief is too vague for the Firm to ascertain the basis for the complaint, the Firm has so-stated.

## II. STATEMENT OF FACTS

11.    In April 2017, the Firm began advertising a no-money-down, same-day filing business model.

12.    The demand for this program was so great that it increased the practice's client base six-fold.

13. The Firm bifurcates petitions pursuant to FRCP 1007(c). This allows clients of the Firm to pay after the case is filed for work performed post-petition. The lion's share of the attorney work is done post-petition by the Firm.

14. The same-day filing process has two separate components: The pre-petition procedure which includes filing the minimum documents necessary to obtain a case number, and the post-petition procedure which includes everything else.

15. A fee structure which is different from the traditional model was instituted to support this new filing process. Since clients pay after filing for post-petition services, the Firm needed a fee structure with no surprises for the debtor, thus ensuring that the client can afford the post-petition fees. The Firm ensures that the client is aware at the beginning of the process exactly how much the service will cost and how and when payment will be required.

16. The traditional model for bankruptcy fees is to charge the client for the filing fee and a flat attorney fee for the filing of the case. Any work that needs to be done after the case is filed is charged separately. Examples of such post-petition charges are negotiation of reaffirmation agreements, preparation and filing amendments, motions to reinstate the stay, payment for debtor education programs, any appearances at continued 341a meetings, among other things.

17. The Firm's fee structure for same day filings encompasses virtually everything that the debtor may encounter with the possible exception of adversarial complaints. The firm has filed 282 same-day-filing chapter 7 cases since the same-day-filing program was instituted. In not one of these cases, has a client been charged attorney's fees beyond the initial fee quoted in the post-petition contract.

18. In addition to typical services provided by bankruptcy firms, the firm provides a three month, six-part education series that helps clients to educate themselves on how to rebuild their financial lives after going through the financial trauma of bankruptcy.

This course was created by the Firm specifically for the Firm's clients and is unavailable from any other source.

19. Because the Firm's clients pay after the case is filed, the Firm is invested in making sure that its clients are financially situated to make monthly payments. The Firm takes this commitment seriously as demonstrated by the array of services provided and the stable nature of what clients are charged.

20. In the case cited in Plaintiff's complaint, Ms. Gilmore responded to the Firm's ad because she expected to pay nothing down and to file the same day. The Firm met these expectations exactly.

21. Ms. Gilmore's case was filed in the normal course of business by filing a "bare-bones" petition with many of the schedules blank, knowing that completed schedules would be filed that day or the following day.

22. Acting with Ms. Gilmore's full knowledge and consent, the Firm contracted with BK Billing to factor the accounts receivable created by the post-petition contract with Ms. Gilmore. No interest was charged on this accounts receivable.

23. The next day, the Firm filed amended schedules to supplement the bare-bones petition. These amended schedules are only a portion of the work that was done post-petition.

24. The firm represented Ms. Gilmore post-petition in a reaffirmation of her vehicle, appeared on her behalf at her 341a, paid for and filed her required debtor education certification, notified her when her discharge was received as well as other services.

25. Ms. Gilmore's case was successful and she received a discharge.

### III. FIRST CLAIM FOR RELIEF

26. Plaintiff seeks to void the contracts between Ms. Gilmore and the Firm based on an alleged violation of 11 USC §528(a)(1)(B). That section reads: "A debt relief agency shall—not later than 5 business days after the first date on which such agency

provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously—the fees or charges for such services, and the terms of payment."

27. The Firm executed two contracts with Ms. Gilmore on the day she came into our office: one for pre-petition services and one for post-petition services. No fees were charged under the first contract. The second contract clearly delineated exactly how much the fee for post-petition services was to be. (Exhibit A, two contracts signed by Ms. Gilmore.) In addition, Ms. Gilmore executed an automatic recurring payment authorization stating the date payments would start, the frequency, the monthly amount and the total to be paid. The contracts were executed on the same day as the filing.

28. The Firm added a cover sheet to each of the two contracts on June 7, 2017, immediately after Ms. Gilmore's 341a. (Exhibit A)

29. These contracts comply with 11 USC 528(a)(1)(B). The Firm prays that Plaintiff's first claim for relief be denied.

## IV.  SECOND CLAIM FOR RELIEF

30.  Plaintiff seeks disgorgement of fees and cancellation of the contracts provided as Exhibit A pursuant to 11 USC §329(b) and the FRBP 1017.   The cited code section states, "Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition for services rendered or to be rendered in contemplation of or in connection with the case by such attorney and source of such compensation, if such compensation exceeds the reasonable value of such services, the court may cancel

any such agreement, or order the return of any such payment, to the extent excessive to the estate, if the property transferred—would have been property of the estate; or was to be paid by or on behalf of the debtor under a plan under Chapter 11, 12, or 13 of this title; or the entity that made such payment."

31. Plaintiff appears to allege that all the work for the case was done pre-petition and that because all the work was completed pre-petition, there is no work for which the Firm can charge. This is untrue and is supported by no evidence. The Firm does not charge for the few things that are filed pre-petition. The bulk of the work is done post-petition under the post-petition contract.

32. Plaintiff alleges that the $3000 fee Ms. Gilmore paid for post-petition services exceeds the reasonable value of the services provided to Ms. Gilmore. The fee charged is in line with that charged in the Central District for a similarly experienced attorney filing a same-day petition. A typical bankruptcy case in the Central District filed by an attorney of 30 years, would cost perhaps $2000 plus a filing fee of $335. Such fee is typically increased by $500 to $1000 when a same-day filing is requested. In addition, fees for negotiating reaffirmation agreements (typically $200 per agreement), preparing amendments, adding creditors (typically $100 per creditor), continued appearances at 341a meetings (typically $150 per appearance), and other services, would be charged separately. The Firm's fee is inclusive of these services and more. In one case, the Firm even filed a motion to reinstate the stay at no charge. Given the payment plan we provide for clients, the fee must be all-inclusive. Clients will be paying fees over a 12-month period and the established payment amount is not subject to change simply because additional services are required.

33. Since the Firm is providing a service that creates a year-long relationship with clients, more-than-ever-before the Firm is committed to the financial success of their clients. To support this continuing relationship, the Firm provides a unique 3-month, six-part

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

debtor education workshop to bring the debtor back to financial health. Similar programs sell on the internet for up to $1000. This too is not charged separately. The overall $3000 fee includes this 6-part series. These are not attorney's fees, but in the spirit of full disclosure the Firm included these on the attorney compensation disclosure form.

34.    The speed with which the Firm provides the service is another factor in the reasonableness of the fee. The rules of professional conduct specifically allow an increase in fees for speedy service. When the client comes into the Firm's office, a two-hour block of time is set aside for meeting with that client, much more than is typical of bankruptcy client meetings. During those two hours, the firm has the services of two certified paralegals, two additional support staff members, and the attorney reserved for the exclusive use of that client. This staffing level is necessary to coordinate the intricacy of a same-day bifurcated filing.

35.    The post-petition work and services are extensive and the fees are reasonable. The Firm prays that the Court deny the Plaintiff's second claim for relief.

## V.    THIRD CLAIM FOR RELIEF

36.    Plaintiff seeks disgorgement of fees for failure to disclose compensation under 11 USC §105(a) and 329(a) and FRPB 2016. 11 USC §105(a) allows the Court to take any action necessary or appropriate to prevent abuse of a process within the bankruptcy code. Again, 11 USC 329(a) requires that the attorney fully disclose to the Court fees for work done in connection with the bankruptcy proceeding.

37.    Plaintiff's claim that the Firm did not disclose (a) the Ashcraft Firm's advance of the filing to Ms. Gilmore." The Firm, however, in its amendment filed 5/3/2017 disclosed in the "Disclosure of Compensation of Attorney for Debtor(s)" in Item 3, the following, "Attorney paid for filing fee, debt counseling and credit report." (Exhibit B)

38.  Plaintiff further alleges that the Firm did not disclose "(b) Ms. Gilmore's financing charges; (c) the delineation between pre-and post-petition services; and (d) the Ashcraft Firm's agreement with BK Billing, including their financing."  Since Ms. Gilmore did not pay any financing charges, the suggested disclosure would be a violation of 11 USD 329(a) because a statement that finance charges were paid misrepresents the true relationship between the Debtor, the factoring company and the Firm.  The Firm sells accounts receivable contracts to BK Billing at a reduced rate.  The Firm takes the financial hit when it does so.  There is no interest calculated or charged.  Although the client is made fully aware of the contract with BK Billing, it is not material to the compensation agreement with the client as it does not affect the amount, timing, or any other component of the fee paid by the client.

39.  The Firm made all the disclosures required by 11 USC § 329(a).  The Firm prays the Court deny the Plaintiff's third claim for relief.

## VI.  FOURTH CLAIM FOR RELIEF

40.  In its fourth claim for relief, Plaintiff seeks civil penalties under 11 USC §526(a)(3)(B) and 526(c)(5) for misrepresenting services to be provided by the Firm.  Section 526(a)(3)(B) reads "A debt relief agency shall not—misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to—the benefits and risks that may result if such person becomes a debtor in a case under this title."

41.  The Plaintiff apparently seeks to stretch the meaning of this code section to fit its allegations.  This code section seeks to ensure that an attorney does not make unsupportable promises of the outcome of a bankruptcy filing and informs the prospective debtor of the inherent risks of filing bankruptcy:  nothing in the law is guaranteed.  The Firm complies with this code section.  Filing of amendments to

- 9 -
ANSWER TO ADVERSARY COMPLAINT

complete a bankruptcy petition is permitted by the code and has nothing to do with this code section.

42.   The Firm prays the Court deny Plaintiff's fourth claim for relief.

### VII. FIFTH CLAIM FOR RELIEF

43.   Plaintiff is seeking civil penalties for intentional untrue Misleading Statements in Documents filed with the court.   Section 11 USC §526(a)(2) states, "A debt relief agency shall not—make any statement or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue, misleading, or that upon exercise of reasonable care, should have been known by such agency to be untrue or misleading.

44.   As part of its bare-bones filing, the Firm filed blank schedules with the intention of later filing amendments to cure the deficiencies in the schedules.   In Ms. Gilmore's case, the schedules were amended a day later to correct any inaccuracy.     Every bare-bones filing contains inaccuracies.   It is inherent in the process.   One of the documents required in a bare bones filing is the voluntary petition.   On page 6 of Ms. Gilmore's voluntary petition, there is a calculation of the number of debts, the amount of the debts and the type of debts.   These numbers are always inaccurate when filed as part of a bare bones petition.

45.   This inaccurate information is then supplemented with accurate information when the remainder of the schedules are filed at some time during the next 14 days.   As long as those schedules are filed within 14 days, they are in compliance with FRBP 1007 and 11 USC 521.   If filing an amendment to correct the blank schedules is a violation of 11 USC § 526(a)(2) so too would be filing schedules that contradict the summary amounts filed in a bare-bones petition.   If this Court were to find that filing an amendment to cure deficiencies is a violation of 11 USC § 526(a)(2), then it would

follow that every bare-bones petition filed would also violate Section 526(a)(2). This would be contrary to public policy. A debtor should not fear retribution whenever the debtor makes their petition more accurate through amendment.

46.    Initially, the Firm filed bifurcated petitions with blank schedules that were later amended. This was done in an effort to conserve court resources. Filing a bare bones petition creates more work for the employees in the clerk's office than filing a complete petition. By filing blank schedules, we were producing a "complete" filing for the purposes of the clerk's office. The amendments were always filed before any creditors would have had time to receive the court notice of the filing, so the accurate information was immediately available as soon as the creditor became aware of the filing.

47.    When the U S. Trustee orally took issue with the firm's method of filing blank schedules and then subsequently amending those schedules, the Firm started filing bare-bones petitions in a more traditional manner. Employees of the clerk's office have requested that we revert back to the non-traditional method of filing, but the Firm decided to deny their request due to a desire to comply with the U. S. Trustee's wishes.

48.    The Firm prays the Court deny Plaintiff's fifth claim for relief.


## VIII.    SIXTH CLAIM FOR RELIEF

49.    Plaintiff seeks monetary sanctions for the filing of documents not properly executed in violation of LBR 5005-4 and cites 11 USC Section 405(a). That section is titled "Electronic Filing" and mandates that cases are electronically filed. Section 11 USC 405(a) is the code that allows the Court to level monetary sanctions on any one who violates the code.

50. Plaintiff has cited no evidence that documents were filed without being properly executed. The firm filed the cases electronically as mandated and is not in violation of this code section.

51. The Firm prays that the Court should deny the Plaintiff's Sixth Claim for Relief.

IX. SEVENTH CLAIM FOR RELIEF

52. Plaintiff seeks injunctive relief against the firm for violation of 11 USC § 528 because the firm's website did not display the statement, "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." 11 USC §528(a)(4) states that "A debt relief agency shall—clearly and conspicuously use the following statement in such advertisement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement."

53. The Firm's website did not contain the exact phrase listed above, but it did contain statements that were not only substantially similar, but substantially superior. The purpose of this code section is not to make some draconian law that forces every law firm to regurgitate the same statements on all their print and online media, otherwise the code would not include the words "or substantially similar" in the section. The purpose of this law is to make sure that bankruptcy attorneys are not hiding the ball: that their clients know they are discussing bankruptcy. The section of the Firm's website that advertises bankruptcy services goes into detail about the process of filing bankruptcy and the different kinds of bankruptcy. The first word on that page of the website is "Bankruptcy" in big bold letters. There is no way in which a potential client is unaware that we are a law firm that assists people in filing for bankruptcy relief.

54. In a spirit of cooperation, since this complaint was filed the Firm has added a statement in the footer of its website which contains the exact words of the code

section.  The firm never failed to disclose a substantially similar statement to that continued in 11 USC §526(c)(5), and even if it had done so, the problem has been preemptively remedied.

55.    The Firm prays that the Court deny Plaintiff's Seventh Claim for Relief as it is moot.

## X.  EIGHTH CLAIM FOR RELIEF

56.    Plaintiff asks that the Firm and Ms. Ashcraft be referred to the Central District Bankruptcy Court Disciplinary Committee.

A.  As discussed above in the sections titled Fourth Claim for Relief and Fifth Claim for Relief, no violation for 11 USC §526(A)(1), (2), or (3) have occurred.

B.  Plaintiff claims that the Firm failed to provide competent legal advice in violation of California Rule of Professional Conduct 3-110.  No specific information in support of this allegation is provided.  Contrary to Plaintiff's allegation, the same-day-filing model that the Firm practices actually serves to provide better legal advice and more competent representation than the traditional model.  In the traditional model of filing, a prospective client would communicate with the firm to determine if they qualified to file bankruptcy at the time of the consultation. The Firm cannot predict what will happen in the near future and cannot predict if the potential client will be able to qualify once they have actually saved enough money to pay the filing fees and attorney's fees.  This creates an environment in which the attorney prepares a bankruptcy petition in shifting sands.  Often events subsequent to the initial consultation substantially alter the clients' situation.  The result being that the previous advice is no longer accurate.  With the same-day model, facilitated by the bifurcated filing process, the Firm can file much more quickly and give more accurate legal advice because the information is much fresher.

C.  Plaintiff claims that Firm has violated restrictions against lending arrangements from attorney to client.  The Firm's post-petition payment plan is not a loan to the client.  It is no different from the process of allowing the client to make payments on a service that is to be performed

once all the fees are paid. Attorneys in California perform services for clients and routinely bill them afterward. The Firm is merely collecting fees for services that it has already performed when the clients makes payments under the payment plan. This cannot be construed as "lending." If this payment method was considered lending, then most of the lawyers in different areas of practice would be in violation of California Rule of Professional Conduct 4-210.

D. Plaintiff claims that the Firm is charging an unconscionable fee in violation of California Rule of Professional Conduct 4-200. Rule 4-200(B) states: "Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into..." A long list of circumstances and conditions follows to determine what fee is reasonable. Below is an analysis of the a few of the circumstances that weigh heavily in this case:

a. "(3) The novelty and difficulty of the questions involved and the skills requisite to perform the legal service properly." The second half of the bifurcated filing process is much more difficult than a whole traditional filing. In the more traditional filing, the court's system has safeguards to ensure that a debtor and the debtor's attorney receive notice if something is missing or inaccurate. In the bifurcated filing, these safeguards don't exist. It is like a high-wire performer working without a net. If a single item is missed, the case may be dismissed. This requires that we proofread our work repeatedly and review our filings after they are complete to be sure that no inadvertent mistake exists. Frequent post-filing audits are required. Since the process provides such a benefit to the client, allowing the client to pay for fees after filing, the increased difficulty is worth it for the Firm's clients.

b. "(6) the time limitations imposed by the client or by the circumstances." The bifurcated filing is part of our same-day model. The circumstances often call for immediate action, such as a wage garnishment or bank levy. The Firm's "same-day-filing" advertisement attracts a disproportionate percentage of clients who need an immediate filing.

c.  "(7) the nature and length of the professional relationship with the client." A typical chapter 7 attorney relationship ends when the case is discharged.  This is about three and a half months after the case is filed.  The Firm's clients are still paying for the services provided for a year after the filing.  As a result, the nature of the relationship with the Firm is more aligned because even after filing bankruptcy, the firm has a vested interest in the client's financial health since there are fees that the attorney hopes the client will be able to pay. As mentioned previously, The Firm takes this relationship seriously and provides a three-month six-part series created specifically for the Firm's clients to assist clients on their road to financial recovery.

d.  "(8) the experience, reputation, and ability of the member or members performing the services. Ms. Ashcraft has been licensed to practice law for more than three decades and has practiced consumer bankruptcy since 1998.  She enjoys consistent 5-star reviews by her clients.

E.  Plaintiff alleges that the Firm violated the duty of candor pursuant to California Business and Professions Code §6068(d).  The basis for this allegation is not set forth; therefore, the Firm does not have enough information to respond

## XI.  SUMMARY

57.  The U. S.  Trustee in Riverside is charged with investigating bankruptcy proceedings to determine that such proceedings do not violate the bankruptcy code or procedures. This is an important job; however, the U. S. Trustee's office may at times be susceptible to becoming overzealous. This complaint is filed in an attempt to intimidate the Firm from continuing its no-money-down same-day process.  Plaintiff has targeted this procedure, not because it is done improperly, but because it is different. The within complaint has not actually attacked the same-day-filing and bifurcated method of filing because the practice is permitted by the code. Plaintiff has

1   instead stretched the meaning of several bankruptcy code sections in an attempt to

2   discourage the Firm from filing using its current business model.

3   58.    The Firm's bifurcated filing method is different, but it does not violate any bankruptcy

4   code. Further it is so beneficial to the Firm's clients that it would be a violation of the

5   Firm's ethical standards not to pursue this method of filing.

6   Dated: January 12, 2018                    The Law Offices of Gregory C. Ashcraft, APC

7

8

9   Patricia M. Ashcraft

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF DEFENDANT

## DECLARATION OF PATRICIA M. ASHCRAFT

I, Patricia M. Ashcraft, declare that I one of the defendants in the above-entitled Adversarial Complaint. I am competent to testify, have personal knowledge of the facts set forth herein and, if called upon to testify, I could and would testify as follows:

1. The facts, statements, contained in this Answer to Adversary Complaint are true and correct.

2. Documents attached hereto are true and correct copies of the original documents.

I declare the above to be true under penalty of perjury.

Dated: January 12, 2018

_____
Patricia M. Ashcraft

# EXHIBIT A

This contract is for services the Ashcraft Firm provides after your case is filed. The fees we charge are for this contract. I/we, the client(s), understand that I may get these services from another attorney and the work provided for the "skeleton petition" in no way obligates me to continue to work with The Ashcraft Firm. I have already received a case number, which is _____ and I received this prior to working with the Ashcraft Firm on the services outlined in the post-petition contract.

Date: _____

Signature:_____

Signature:_____

This form was added to the post-petition package on 6/7/2107.

Ex. A

This contract is for the Ashcraft Firm to create and file a "skeleton petition" on your behalf. We, The Ashcraft Firm, are not charging for the production or filing of this petition. I understand and agree to receive this outrageously generous offer.

Date: June 29, 2017

Signature:_____

Signature:_____

This form was added to the pre-petition package on 6/7/2017

Ex. A

# THE
# ASHCRAFT FIRM

25098 Jefferson Avenue, Suite A, Murrieta, CA 92562
951-304-3431 | 951-304-0941 | ashcraftfirm.com

## CONTRACT FOR POST-PETITION LEGAL SERVICES
## IN A CHAPTER 7 BANKRUPTCY CASE

I, Mary Ann Gilmore , have been advised that I am not obligated to sign this agreement for legal services and that I may consult with another attorney as to whether I should do so.  I have further been advised that I may choose to retain another attorney apart from the Law Offices of Gregory C. Ashcraft, ("Law Firm") OR proceed without representation (though the Law Firm will continue to represent me until such time when the court enters an order authorizing the Law Firm to withdraw as my attorney in the bankruptcy case, or my bankruptcy case is closed or dismissed).  Notwithstanding these disclosures, I agree to the following:

I hereby retain the Law Offices of Gregory C. Ashcraft to represent my legal interest in the post-petition proceeds of my bankruptcy case filed under Chapter 7 of the United States Bankruptcy Code.  I promise to pay attorney's fees in the amount of $3000 (plus any necessary post-petition costs) as a non-refundable flat fee for the Law Firm to represent me, which representation includes the following services:

- Prepare and file my Statement of Financial Affairs and Schedules;
- Prepare for and attend my Section 341a Meeting of Creditors;
- Provide me with written instructions as to what to bring to the 341a, directions to the place of the meeting, parking and driving time instructions;
- Review redemption agreements, if any;
- Prepare requests to creditors for any needed reaffirmation agreements or lease assumptions;
- Review any reaffirmation agreements or lease assumptions;
- Prepare Domestic Support Declaration, if applicable;
- Prepare Declaration re 60 Day Income of Debtor;
- Timely transmit to Trustee required tax returns and other documents requested by the Chapter 7 trustee;
- Remind me of required credit education course and e-file such course when I have completed it;
- Follow-through with case administration and monitoring;
- Make available, at no additional cost to me, an on-line 6 week post-discharge credit re-establishment course.

I further understand and agree that additional professional legal services will result in additional fees that are due to the Law Firm; such as : Representation in an Adversary Proceeding ($300/hour); Adding additional creditors to your schedules ($30 per creditor); and Motions to

May 1, 2017

Reopen and Avoid Liens ($1510 per lien).  I acknowledge and agree that all of these fees are for post-petition services, and they are not dischargeable in my Chapter 7 case.  In the event of nonpayment of the agreed-upon fees, the Law Firm may commence legal proceedings for collection.  I agree to submit to the personal jurisdictions of the California Courts with respect fo such action, and California law will apply.  If such collection procedures shall become necessary, I agree to pay all reasonable costs of such collection, including reasonable attorney fees.

As the Law Firm has duties to me as its client, I likewise have responsibility.  I agree to fully cooperate with the Law Firm.  This includes, but is not limited to providing the Law Firm with all information necessary and related to my bankruptcy case.  In addition, I agree to attend all scheduled court hearings and meeting.  I also understand that the Law Firm is not liable or responsible for any illegal collection actions taken by my creditors once my case is filed.
Moreover, any change in this contract is null and void unless such change is in writing and signed by the Law Firm.

Dated this 2nd day of May, 2017.


_Mary Ann Gilmore_____            _N/A_____
Mary Ann Gilmore, Debtor                 Co-Debtor (if applicable)


THE LAW OFFICES OF GREGORY ASHCRAFT, APC, (The Law Firm)

By: _____
     Patricia M. Ashcraft, Attorney


● Page 2

**RECURRING PAYMENT AUTHORIZATION AND CONSENT FORM**

I, Mary Ann Gilmore, authorize the Law Offices of Gregory C. Ashcraft, APC (the "Law Firm"), or BK Billing, LLC ("BK Billing") an independent billing company, to charge my debit card or bank account Indicated below for:

$ 250.00, starting on the 2nd day of June 2017, and recurring

_____Weekly _____Bi-Weekly __X__ Monthly until the amount of $3000.00 is paid in full.

**Debit Card:**

Cardholder Name: _Mary Gilmore_

Debit Card Number: _____

Expiration Date: __6_ Month _18_ Year_271_ CVC (3 digit code) _92253_ Zip Code

**Checking or Savings Account:**

Account Type: _____ Checking __✓__ Savings

Name on Account: _Mary Ann Gilmore_

Routing Number: _122238420___

Bank Name: _0400119794_

**Consent to be Contacted and Release of Information**

I authorize the Law Firm or BK Billing to communicated with me via e-mail, text and/or telephone. I give my consent for the Law Firm to share my client file information with BK Billing. I acknowledge that my payments will be reported to the Credit Bureaus.  I acknowledge that on-time payments can help my credit and lat payments can hurt my credit.

SIGNATURE _Mary Ann Gilmore_                    DATE May 2, 2017
        Mary Ann Gilmore

I understand this authorization will remain in effect until I cancel it in writing. Any termination of this authorization, or changes to my account information, must be given in writing at least 15 days prior to the next billing date.  If the above noted payment dates fall on a weekend or holiday, I understand that the payments may b e executed on the next business day. In the case of an ACH transaction being rejected for Non-Sufficient Funds ("NSF"), I understand that the Law Firm or BK Billing may, at their discretion, attempt to process the charge again within 30 days.  I agree to an additional $25.00 charge for each returned NSF, which charge will be initiated as a separate transaction from the authorized recurring payment.  I certify that I am an authorized user of this debit card or bank account and will not dispute these scheduled transactions with my debit card company or bank so long as the transactions correspond to the terms indicated in this authorization form.

Exhibit A

**EXHIBIT B**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re **Mary Ann Gilmore** _____    Case No. _____
                  Debtor(s)    Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept ............................................. | $ | **3,000.00** |
| Prior to the filing of this statement I have received ........................... | $ | **0.00** |
| Balance Due ......................................................................................... | $ | **3,000.00** |

2.   $ **335.00** of the filing fee has been paid.

3.   The source of the compensation paid to me was:

     ☐ Debtor    ■ Other (specify):    **Attorney paid for filing fee, debt counseling and credit report**

4.   The source of compensation to be paid to me is:

     ■ Debtor    ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d. [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**May 2, 2017** _____
Date

                           Patricia M. Ashcraft 108564
                           *Signature of Attorney*
                           **Law Offices of Gregory Ashcraft, APC**
                           **dba: The Ashcraft Firm**
                           **25096 Jefferson Avenue, Suite A**
                           **Murrieta, CA 92562**
                           **951-304-3431 Fax: 951-304-0941**
                           **pmashcraft@ashcraftfirm.com**
                           *Name of law firm*

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com               Best Case Bankruptcy

| In re:  **Mary Ann Gilmore** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NUMBER: **6:17-bk-13682-MJ** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Law Offices of Gregory C. Ashcraft, APC
dba: The Ashcraft Firm
29970 Technology Dr., Suite 217
Murrieta, CA 92563**

A true and correct copy of the foregoing document entitled (*specify*):  **Answer to Adversary Complaint for Disgorgement of Fees, Civil Penalties, Sanctions, and Declaratory, Injunctive and other Relief**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On    **1/8/2018**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Karl T. Anderson (TR): edansie@hotmail.com
Mohammad Tehrani, Mohammad V. TGehrani@usdoj.gov
United States Trustee (RS): ustpregion16.rs.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On    **1/16/2018**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Meredith Jury, USBC, 3420 12TH sTREET, sUITE 125, rIVERSIDE,ca 92501
Mary Ann Gilmore, 51860 Avenida Madero ,LaQuinta,CA  92253**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/16/ 18  *(signature)* | Patricia M. Ashcraft 109661 | *(signature)* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **9013-3.1.PROOF.SERVICE**